IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-50745
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD C. RODRIGUEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-94-CV-305
- - - - - - - - - -
December 1, 1998

Before EMILIO M. GARZA, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Richard C. Rodriguez appeals the denial of his motion to vacate his federal sentence, filed pursuant to 28 U.S.C. § 2255.

Rodriguez argues that his counsel performed ineffectively by: inducing him to plead guilty to possession of heroin with intent to distribute by misinforming him about his potential sentence; failing to argue that his federal sentence should run concurrently with an unexpired state sentence under U.S.S.G. § 5G1.3; and failing to challenge an alleged ex post facto violation regarding § 5G1.3. To prevail on this issue, Rodriguez

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

must prove that his attorney's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In order to show prejudice in the context of a guilty plea, Rodriguez must establish that, but for counsel's deficient performance, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Rodriguez failed to make the requisite showing as to any of his ineffectiveness claims, all of which are based on the underlying contention that he was entitled under U.S.S.G. § 5G1.3(b) to have his federal sentence run concurrently with an unexpired state prison term for an unrelated offense. That underlying argument is meritless because Rodriguez cannot show prejudice.

Rodriguez's substantive claim based on § 5G1.3 is not cognizable under § 2255 because it does not give rise to a constitutional issue. United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Rodriguez's Ex Post Facto Clause claim regarding § 5G1.3 is meritless because the sentencing court properly applied the guideline in effect at the time of sentencing. See United States v. Carmouche, 138 F.3d 1014, 1017 (5th Cir. 1998). Rodriguez was not entitled to an evidentiary

hearing as to any of these claims.  <u>United States v. Drummond</u>,
910 F.2d 284, 285 (5th Cir. 1990).

AFFIRMED.